http://www.va.gov/vetapp16/Files3/1621730.txt

Citation Nr: 1621730 
Decision Date: 05/31/16 Archive Date: 06/08/16

DOCKET NO. 06-29 685 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Pittsburgh, Pennsylvania

THE ISSUES

1. Entitlement to service connection for posttraumatic stress disorder (PTSD).

2. Entitlement to service connection for an acquired psychiatric condition, to include major depressive disorder and anxiety disorder, not otherwise specified.

REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States

ATTORNEY FOR THE BOARD

Dominic Jones, Associate Counsel

INTRODUCTION

The Veteran served on active duty from May 1986 to September 1991.

This matter is before the Board of Veterans' Appeals (Board) on appeal from a December 2005 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Pittsburgh, Pennsylvania.

The Board observes that the Veteran's claims for service connection for PTSD and major depressive disorder each were denied in a December 2005 rating decision. In Clemons v. Shinseki, 23 Vet. App. 1, 5 (2009), the United States Court of Appeals for Veterans Claims (Court) held that, in determining the scope of a claim, the Board must consider the claimant's description of the claim; symptoms described; and the information submitted or developed in support of the claim. The Board is mindful of its duty to construe these claims broadly, and the Veteran's claimed conditions and actual diagnoses based upon the evidence submitted will be analyzed, as reflected on the title page.

This matter was previously remanded by the Board in October 2014 and August 2015 for additional development. As will be discussed below, the Board finds that there has been substantial compliance with the Board's directives. See Stegall v. West, 11 Vet. App. 268 (1998).

After the issuance of the most recent SSOC in December 2015, the Veteran submitted additional evidence. However, in January 2016 the Veteran waived initial RO consideration of the additional evidence. See 38 C.F.R. § 20.1304(c) (2015).

FINDINGS OF FACT

1. The Veteran does not have a current diagnosis of PTSD.

2. The Veteran's acquired psychiatric disorder, to include major depressive disorder and anxiety disorder, is not causally related to his service.

CONCLUSION OF LAW

The criteria for service connection for an acquired psychiatric disorder, to include PTSD, major depressive disorder and anxiety disorder have not been met. 38 U.S.C.A. §§ 1110, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304(f) (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. VA's Duty to Notify and to Assist

VA has a duty to provide notice of the information and evidence necessary to substantiate a claim. 38 U.S.C.A. § 5103(a) (West 2014); 38 C.F.R. § 3.159(b) (2015).

A standard April 2005 letter satisfied the duty to notify provisions.

VA also has a duty to provide assistance to substantiate a claim. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159(c) (2015).

The Veteran's service treatment and personnel records have been obtained. Post-service VA and private treatment records have also been obtained.

These matters were previously before the Board in August 2015. At that time the case was remanded for the Veteran to be afforded an additional VA examination to specifically address the Veteran's claimed basis for his PTSD and to assess whether any diagnosed psychiatric condition was related to his service. A VA examination was conducted pursuant to these directives in November 2015. The Board finds that there was substantial compliance with the August 2015 remand directives. See Stegall v. West, 11 Vet. App. 268 (1998).

The Veteran received VA examinations for his psychiatric condition in August 2007, April 2015, and November 2015. When read together they are sufficient evidence for deciding the claim. The examinations are adequate as they are based upon consideration of the Veteran's prior medical history and examinations, describe the disability in sufficient detail so that the Board's evaluation is a fully informed one, and contain reasoned explanations. Thus, VA's duty to assist has been met.

II. Service Connection Claim

Legal Criteria

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C.A. §1110, (West 2014); 38 C.F.R. § 3.303 (2015). "To establish a right to compensation for a present disability, a veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service"-the so-called "nexus" requirement." Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). 

Establishment of service connection for PTSD in particular requires: (1) medical evidence diagnosing PTSD; (2) credible supporting evidence that the claimed in-service stressor actually occurred; and (3) medical evidence of a link between current symptomatology and the claimed in-service stressor. 38 C.F.R. § 3.304(f) (2015). See also Cohen v. Brown, 10 Vet. App. 128 (1997). 

A diagnosis of PTSD must be established in accordance with 38 C.F.R. § 4.125(a), which simply mandates that, for VA purposes, all mental disorder diagnoses must conform to the 5th edition of the American Psychiatric Association's Diagnostic and Statistical Manual for Mental Disorders (DSM-IV). See 38 C.F.R. § 3.304(f) (2015). Effective March 19, 2015, VA replaced outdated references with references to the Diagnostic and Statistical Manual of Mental Disorders, 5th Edition (DSM-5). It was specifically noted that the Secretary did not intend for the provisions to apply to claims that were pending before the Board (i.e., certified for appeal to the Board) on or before August 4, 2014, even if such claims are subsequently remanded to the agency of original jurisdiction. See 80 Fed. Reg. 14308 (March 19, 2015). As the instant appeal was first certified to the Board in February 2013, the DSM-IV is applicable.

If the evidence shows that PTSD was diagnosed during service and the claimed stressor is related to that service, in the absence of clear and convincing evidence to the contrary, and provided that the claimed stressor is consistent with the circumstances, conditions, or hardships of the Veteran's service, the Veteran's lay testimony alone may establish the occurrence of the claimed in-service stressor. 38 C.F.R. § 3.304(f)(1) (2015).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107 (West 2014); 38 C.F.R. § 3.102 (2015); see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

Facts

As noted above, the first element of service connection for PTSD requires medical evidence diagnosing PTSD. The Veteran has an extensive history of psychiatric treatment and diagnoses in the form of VA treatment and VA examinations. These will be discussed in detail.

VA Treatment

The diagnostic impression in a May 2004 VA treatment note was of depressive disorder. A February 2005 treatment record noted the Veteran obtained a score of 114 on the Mississippi Scale for Combat-related PTSD, which was above the cutoff for a diagnosis of PTSD, but the examiner noted that this was below average in comparison to scores usually seen in a clinical setting. It went on to note that given the Veteran's lack of combat history and his limited reported traumatic experience, a score of 114 was inconsistent with what would be expected, and that the Veteran appeared to be over-reporting his current symptoms. Another February 2005 initial PTSD and psychiatric evaluation diagnosed the Veteran with major depressive disorder. A March 2005 psychological testing report stated that the Veteran was not experiencing symptoms consistent with PTSD, he had no identifiable traumatic stressor, and did not report symptoms consistent with a diagnosis of PTSD. Another March 2005 treatment note stated the Veteran over-reported symptoms and endorsed items on the MMPI-2 in much more frequency than normative psychiatric samples. His results on the MCMI-3 were invalid as well. The diagnostic impression was major depressive disorder, recurrent factitious disorder with regard to PTSD. 

An early April 2005 VA treatment record provided a diagnosis of major depressive disorder, moderate, recurrent. A later April 2005 VA treatment note provided a diagnosis of PTSD with a history of major depressive disorder with anxiety. 
In June 2005 there was an ongoing diagnosis of major depressive disorder. In August 2005 the diagnosis was one of generalized anxiety disorder and some symptoms of PTSD and major depressive disorder. By November 2005 the diagnosis was a history of major depressive disorder, moderate, much improved with a history of anxiety disorder. A November 2006 mental status examination noted a diagnosis of anxiety state disorder and a single episode of major depressive disorder. An August 2008 diagnosis was major depressive disorder. A January 2009 diagnosis was again major depressive disorder. By a February 2009 mental status examination the diagnosis was again major depressive disorder, but PTSD was a suspected diagnosis along with anxiety disorder. The clinical impression in July 2009 was also major depressive disorder, but with a history of PTSD noted as well. The same was noted in December 2009 and in May 2010. In August 2010 major depressive disorder with a history of PTSD was yet again noted. In a September 2010 VA treatment note, the Veteran had a diagnosis of anxiety disorder, NOS. An August 2015 PTSD screen was positive. 

VA Examinations

The Veteran received his first VA examination for psychiatric conditions in September 2007. The Veteran's claims folder was made available to the examiner and was reviewed in detail prior to the examination. This examination report noted that the Veteran had a score of 134 on the Mississippi scale for combat-related PTSD that the examiner stated appeared "to be extremely excessive given the veteran has reported no traumatic stressors of any kind, related to military service." The examiner went on to state that "[o]verall, the veteran's scores suggest a continuation of rather significant and severe symptom over reporting and fabrication, and remains consistent with previous suggestions of factitious disorder or malingering." The diagnostic impression given was one of factitious disorder with mixed physical and psychological symptom presentations. 

The second VA examination the Veteran received was in April 2015. In this examination report the examiner opined that the Veteran did not have a diagnosis of PTSD. This was so because the Veteran's symptoms did not meet the diagnostic criteria for PTSD under the DSM-5. Nonetheless, the examiner did note a diagnosis of major depressive disorder. With regard to psychometric scoring, the examiner stated that "[t]aken as a whole, the veteran's scores reflect efforts to exaggerate his symptoms with the intention of appearing worse than he is with regard to psychological symptoms." The examiner acknowledged the experiences that the Veteran thought were stressful, but nonetheless stated that the Veteran did not endorse symptoms congruent with PTSD. 

The Veteran's final VA examination was in November 2015. Again, the examiner stated that the Veteran did not meet the diagnostic criteria for PTSD. The examiner stated that the Veteran's reports on psychometric testing were higher than expected given the reports in his clinical interview. Furthermore, the examiner noted there were notable inconsistencies with the symptoms reported as the Veteran did not report or endorse symptoms of PTSD in the clinical interview but then reported high levels of those symptoms in the psychological measures. The examiner opined however that the Veteran did meet the criteria for major depressive disorder

With regard to the specific basis for the assessment of the Veteran not having PTSD, the examiner said the Veteran did not meet the criteria for PTSD either in terms of the Criterion A stressor or the constellation of symptoms needed to establish a PTSD diagnosis. Indeed, the examiner stated that even if the two events listed as stressors - seeing oil wells burning at night and the episode of the Veteran's gas mask not sealing - were conceded, the Veteran's symptom presentation was in no way consistent with PTSD or a trauma related disorder.

Private Treatment and Lay Statements

The Board notes an emergency physician record from April 2005 that provided a clinical impression of PTSD. With regard to the Veteran's own statements, the Veteran reported in January 2005 that his doctors had referred him to the PTSD clinic for evaluation. In an April 2007 DRO hearing the Veteran stated that he had received a diagnosis of PTSD from VA doctors in February 2005. The Board also acknowledges the Veteran's May 2015 statement that he had been diagnosed with PTSD. The Veteran is competent to report what a doctor told him.

Analysis

PTSD

The Board acknowledges that at various points the Veteran has either been given a diagnosis of PTSD or an evaluator has noted a history of PTSD. His treatment notes spanning many years reflect this. However, the Board also notes his diagnoses of major depressive disorder spanning many years as well. Notwithstanding this history, at each VA examination, the Veteran has been diagnosed not with PTSD, but rather with major depressive disorder. These VA examiners have consistently stated that the Veteran simply does not meet the diagnostic criteria for PTSD. As early as February 2005, a medical professional noted that the Veteran may have been over reporting symptoms. Again in March 2005 it was noted the Veteran did not report symptoms consistent with a PTSD diagnosis. By the time of the September 2007 VA examination, it was the examiner's opinion the Veteran had significant and severe over reporting of symptoms with a history of symptom fabrication. This opinion was echoed in the April 2015 VA examination report. Additionally, the November 2015 VA examiner noted the Veteran's inconsistencies in the Veteran's report of symptoms.

When viewing the pertinent evidence of record with regard to whether the Veteran has a diagnosis of PTSD, the Board finds that the Veteran does not. Even acknowledging the Veteran's lay statements, the Board finds that the preponderance of the evidence is against the notion that the Veteran has a diagnosis of PTSD. This is so because the Board affords substantial probative weight to the Veteran's VA examination reports. Each of these reports was based on review of the Veteran's claims file, which include the breadth of his treatment history and diagnoses. These examination reports also acknowledged the Veteran's claimed stressors, and personal statement. They also take into account psychometric testing. Notably, the final VA examination report stated even conceding the claimed stressors, the Veteran's actual symptoms simply do not meet the criteria for PTSD. In sum, upon review of the evidence relevant to the issue, the Veteran does not have a diagnosis of PTSD, and the Board finds that further analysis with regard to the other elements of service connection for PTSD is not warranted. 

Based on the evidence in the record, the Board finds that the Veteran does not have a current diagnosis of PTSD. To the extent he contends otherwise, he is not competent to determine whether his asserted psychiatric symptoms meet the DSM-IV criteria for a PTSD diagnosis. In the absence of proof of present disability, there can be no valid claim of service connection. See Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). As there is no current diagnosis of PTSD, this claim must be denied.

Other Psychiatric Conditions

Other than PTSD, the Veteran has throughout his treatment history been diagnosed with major depressive disorder, factitious disorder, and anxiety disorder. With regard to these psychiatric conditions, the Veteran does satisfy the first element of service connection, namely, a current diagnosis of a disability. The issue remaining is whether any of these psychiatric conditions are attributable to his service.

In the Veteran's September 2007 VA examination report, the examiner opined that the Veteran's then-diagnosed factitious disorder "appears to have its origin in the veteran's clear characterological disorder, rather than any experiences from his military service." The examiner also stated the Veteran's depression was not caused by, or the result of service. In the Veteran's April 2015 VA examination report, the examiner highlighted that the Veteran had no history of mental health treatment in the service, and he did not seek mental health treatment until 2004, 13 years after his discharge. The examiner further stated that the diagnosis of major depressive disorder was not related to or exacerbated by service. In the November 2015 VA examination report, the examiner stated the Veteran continued to meet the criteria for major depressive disorder but did not report symptoms of anxiety during the evaluation. With regard to the major depressive disorder, the examiner opined that it was not at least as likely as not the current diagnosis was caused or resulted from service experiences. The rationale provided was that there was no evidence to show a nexus between the current symptoms as the Veteran's experiences. 

A January 2006 letter from a Vet center counselor recounted that the Veteran was treated for depression since April 2005 and that this depression began at the time of the Veteran's separation from service in 1991. A February 2005 treatment note also states that the Veteran had been struggling with depressive symptoms ever since discharge from the service. The Board also acknowledges the Veteran's statements that he did not have his psychiatric conditions before his service. See May 2015 statement.

The Board finds that the VA examinations finding no nexus between the Veteran's acquired psychiatric conditions and his service more probative than the statements noting the Veteran experienced symptoms of depression since service. This is first because the VA examinations provide a medical opinion about whether there is a nexus rather than just when the Veteran's symptoms began. Furthermore, the VA examiners considered the Veteran's entire claims file and treatment history to render an opinion. Thus, the opinion that the Veteran's diagnosed acquired psychiatric conditions are not the result of his service lead to the conclusion that service connection for an acquired psychiatric condition, to include major depressive disorder and anxiety disorder, not otherwise specified, is not warranted. 

Accordingly, entitlement to service connection for an acquired psychiatric condition, to include major depressive disorder and anxiety disorder, not otherwise specified must be denied. The evidence in this case is not so evenly balanced so as to allow application of the benefit-of- the-doubt rule. See 38 U.S.C.A. § 5107(b) (West 2014); 38 C.F.R. §§ 3.102, 4.3 (2015); Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

ORDER

Service connection for posttraumatic stress disorder (PTSD) is denied.

Service connection for an acquired psychiatric disorder, to include major depressive disorder, and anxiety disorder, is denied.

____________________________________________
R. FEINBERG
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs